PROB 12C
(7/93)

Report Date: March 29, 2012

# United States District Court

**FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

for the

**MAR 29 2012**

Eastern District of Washington

**JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON**

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Javier Guadalupe Flores            Case Number: 2:06CR06053-003

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable William Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: 4/30/2008

| | | |
|---|---|---|
| Original Offense: | Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, 21 U.S.C. § 846 | |
| Original Sentence: | Prison - 48 Months; TSR - 60 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Aine Ahmed | Date Supervision Commenced: 9/29/2011 |
| Defense Attorney: | To be assigned | Date Supervision Expires: 9/28/2016 |

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance
---|---
1 | **Mandatory Condition # 2**: The defendant shall not commit another Federal, state, or local crime.
 | **Supporting Evidence**: Javier Flores is considered in violation of his term of supervised release by possessing a controlled substance, methamphetamine, on or about February 27, 2012; and violating a protection order on or about February 20, 2012. The defendant is being charged for these offenses in Franklin County Superior Court, case 12-1-50100-8.
 | According to the Pasco Police Department incident report, officers responded to 1904 N. 18th Drive, in Pasco, Washington. This is the address the defendant was residing at with Monica Murillo, his ex-girlfriend. The residence had been burglarized and $9,000 was stolen. Ms. Murillo had suspicions the defendant may have been involved. She also suspected the defendant was using controlled substances and found what she believed was methamphetamine in the one of the defendant's shirts. She told the defendant he had to move out and she turned over the suspected methamphetamine to the police. Ms. Murillo obtained a restraining order and the defendant was served with the order on or about February 15, 2012.

Prob12C
Re: Flores, Javier Guadalupe
March 29, 2012
Page 2

During the investigation, the officer obtained numerous cellular phone text messages sent by Mr. Flores to Ms. Murillo after the restraining order had been served. Several of the text messages asked Ms. Murillo to remove the order. The defendant also sent texts offering her a different cellular telephone so they could continue communicating without being discovered. Ms. Murillo was concerned about some of the text messages as they appeared to be veiled threats.

Mr. Flores was arrested by a Pasco police officer on February 27, 2012, and was read his rights. The defendant consented to an interview which was recorded. During the interview, the defendant advised the officer he knew he had a restraining order and he admitted he sent texts to Ms. Murillo, but noted she had responded to his messages. The defendant also admitted he had been using methamphetamine and he had occasionally sold drugs to obtain money in order to pay his bills. When the officer asked him about the methamphetamine found by Ms. Murillo in his shirt, the defendant stated he believed it was a $20 amount and told the officer that he likes to do a little meth when he drinks. The officer advised Mr. Flores he was being detained for violating the protection order and for possessing the methamphetamine.

2   **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Javier Flores is considered in violation of he supervised release, as he submitted a drug test at First Step Community Counseling Services on March 15, 2012, which tested positive for methamphetamine. He admitted he had used on or about March 10, 2012. Mr. Flores also admitted to the Pasco Police officer during his interview on February 27, 2012, that he had been consuming and possessing methamphetamine.

Additionally, Mr. Flores has had a poor track record for submitting to random drug tests as scheduled. The following missed drugs tests were non-excused no shows: November 28, 2011; December 21, 2011; January 2, 2012; and March 6, 2012.

3   **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: Javier Flores is in violation of his supervised release by failing to contact this officer as instructed on or about March 26, 2012.

This officer called the defendant on March 26, 2012, at the number he provided, 509-499-1089. An automated system advised that his cell phone was "not accepting calls at this time." This officer also sent Mr. Flores a text message instructing him to call me as soon as possible. Mr. Flores had previously advised this officer that even though his cell phone may run out of minutes, he can still send and receive text messages, and has responded to my texts in the past.

Prob12C
Re: Flores, Javier Guadalupe
March 29, 2012
Page 3

Also, Mr. Flores had access to a telephone on March 26, 2012, as he called First Step Community Counseling Services that day to inquire about his substance abuse assessment appointment, but he has yet to contact this officer as instructed.

Additionally, Mr. Flores has not been truthful with this officer as apparently he has a second telephone number, 509-531-8797, which he did not disclose to me. This information was revealed in the Pasco Police Department incident report. The defendant admitted to the interviewing police officer that he had both telephone numbers with AT&T.

4   **Standard Condition # 11**: The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

**Supporting Evidence**: Javier Flores was arrested by a Pasco police officer on February 27, 2012, for new felony charges. He was booked into the Franklin County Jail and was subsequently released on bail on February 28, 2012. Mr. Flores did not contact this officer within 72 hours to advise of his arrest.

On March 5, 2012, Mr. Flores reported to the U.S. Probation office for his monthly report requirement. He did not disclose the arrest until this officer questioned him about the matter. Mr. Flores minimized the arrest stating he bailed out the next day, the charges would likely be dropped, and he did not think he had to report the law enforcement contact.

5   **Standard Condition # 2**: The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first 5 days of each month.

**Supporting Evidence**: Javier Flores submitted an untruthful monthly supervision report on March 5, 2012. He failed to disclose his February 27, 2012, arrest for new felony charges. Mr. Flores responded "no" to the question, "Where you arrested or named as a defendant in any criminal case?" On the monthly report, Mr. Flores also did not disclose he had a second cellular telephone as a contact number.

6   **Special Condition # 15**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: Javier Flores has failed to obtain a substance abuse evaluation as required. He was referred and instructed on November 1, 2011, to obtain an assessment with First Step Community Counseling Services. Mr. Flores has failed to complete an assessment and has been either a no show or has rescheduled his appointments several times.

Mr. Flores advised this officer he had an initial appointment in December, but was told he had to pay for the assessment so he rescheduled because he did not have the money. This was false as the referral that was sent to First Step noted he was on Federal supervision and U.S. Probation was paying the cost. Mr. Flores advised this officer his next appointment was set up for January 11, 2012. This was false as the defendant had not completed the proper intake forms to get an appointment scheduled. He was instructed to go to First Step and complete the necessary forms to get an appointment.

Prob12C
Re: Flores, Javier Guadalupe
March 29, 2012
Page 4

Mr. Flores finally obtained an appointment on February 1, 2012, which he failed to attend. He was reset for February 13, 2012, and again was a no show. He was then rescheduled to March 13, 2012. He called First Step and advised he had a court hearing and needed to reschedule the appointment again. He was given an appointment for March 26, 2012. First Step notified this officer that the defendant called their office on March 26, 2012, asking for his appointment information. He was advised the appointment was set for that day and he said he could not make it to the appointment as he was in Moses Lake, Washington, working. This is the fifth appointment Mr. Flores has failed keep and therefore, has not completed a substance abuse evaluation as required.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   03/29/2012

s/SanJuanita B. Coronado

SanJuanita B Coronado
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

3/29/12
Date