PROB 12C
(7/93)

Report Date: March 18, 2014

# United States District Court

for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Javier Guadalupe Flores     Case Number: 0980 2:06CR06053-003

Address of Offender: 

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: April 30, 2008

Original Offense: Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine, 21 U.S.C. § 846

Original Sentence: Prison 48 months;          Type of Supervision: Supervised Release
                   TSR - 60 months

Asst. U.S. Attorney: Alexander Carl Ekstrom     Date Supervision Commenced: July 5, 2013

Defense Attorney: Alison Guernsey              Date Supervision Expires: October 4, 2017

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |
|   | **Supporting Evidence**: Javier Flores is considered in violation of his supervised release as he used methamphetamine on or about February 26, 2014. |
|   | Mr. Flores reported to the U.S. Probation office on February 26, 2014, and submitted a drug test which was presumptive positive for amphetamine/methamphetamine. The defendant denied any use and advised he had taken over the counter Sudafed for his allergies. The sample was sent to Alere Laboratory and confirmed positive for methamphetamine. |
| 2 | **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances. |

>   **Supporting Evidence**: Javier Flores is considered in violation of his supervised release as he used marijuana on or about March 5, 2014.
>
>   Mr. Flores reported to First Step Community Counseling Services (FSCCS), on March 5, 2014, for a random drug test. The sample was presumptive positive for marijuana. The defendant signed an admission form stating he had used marijuana on February 28, 2014. He also advised the FSCCS counselor that his probation officer was aware of the use and was monitoring the levels. This information was false. This officer did not know about the marijuana use and there were no levels being monitored. The sample was sent to Alere Laboratory and confirmed positive for marijuana.

3   **Special Condition # 16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

>   **Supporting Evidence**: Javier Flores is considered in violation of his supervised release as he failed to report for drug testing on or about March 14, 2014.
>
>   Mr. Flores was set up for random drug testing with FSCCS. He was required to call the color-line and report for testing when the color brown was called. Mr. Flores was required to report on March 14, 2014, and failed to do so. This officer advised the defendant of his missed test, and Mr. Flores stated he thought he had not called the color line that day.

4   **Special Condition # 17**: You shall participate in the home confinement program for 90 days. You shall abide by all the requirements of the program, which will include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay.

>   **Supporting Evidence**: Javier Flores is considered in violation of his supervised release, as he has failed to abide by the requirements of the home confinement program. Mr. Flores is currently on Global Positioning Satellite (GPS) monitoring. He is required to obtain pre-approved leave time for work, treatment, court appearances, medical appointments, religious services, and other activities approved by the supervising officer.
>
>   Mr. Flores has been on GPS monitoring since February 7, 2014, and has had issues with returning to his residence on time and traveling to locations he was not pre-approved for. Examples of his tardiness and unapproved sites are as follows: on February 17, 2014, he went to Autozone in Pasco and arrived 10 minutes past curfew; he again went to Autozone in Pasco on February 25, 2014; on February 26, 2014, he went to a storage unit facility in Pasco; on February 27, 2014, he went to Castle in Kennewick; on February 28, 2014, he again traveled to Castle and was 8 minutes past curfew; on March 3, 2014, he went to a storage unit facility and then to a residence on 10th Street in Pasco, he also left his treatment session early and went to Albertsons in Pasco; on March 6, 2014, he stopped at a business on 24th, Court in Pasco, and was 12 minutes late; on March 10, 2014, he went to Albertsons in Pasco; on March 11, 2014, he went to a storage unit in Pasco and was 9 minutes late; on March 13, 2014, he stopped again at the storage unit in Pasco, returned to his residence and left again to go to the storage unit and was 10 minutes late; and on March 17, 2014, he left treatment early, went to Arby's and Walgreens in Kennewick, and Autozone in Pasco. On March 18, 2014, he went to an IHOP restaurant in Pasco and was 10 minutes late. On March

Prob12C
**Re: Flores, Javier Guadalupe**
**March 18, 2014**
**Page 3**

    19, 2014, he went to Walmart in Pasco and was 57 minutes late in returning. The defendant claimed his vehicle ran out of gas and he had to go to Walmart to buy a gas can. He was inside the Walmart store from 12:02 to 12:45 and the GPS unit indicated he was on the road as 12:46 until he arrived at his residence at 12:57.

5    **Special Condition # 15**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

    **Supporting Evidence**: Mr. Flores is considered in violation of his supervised release by not complying with his substance abuse treatment program on or about March 18 and 20, 2014.

    Mr. Flores began intensive outpatient treatment at FSCCS and was required to attend classes on Monday, Tuesday, and Thursdays, from 2:00 p.m. to 5:00 p.m. He started his classes on February 11, 2013. He missed classes on February 18 and 20, 2014, due to an injury. Since then he has been late to class and has left class early several times. Most recently he left class early on March 17, 2014, advising his counselor that he had to leave early for a follow-up appointment concerning his blood work at the Kadlec Clinic. He proceeded to leave the treatment facility, go to Arby's, go to Walgreens and then Autozone, but did not go to a clinic. He later told this officer he left early because he had to contact his employer and his probation officer regarding work. Mr. Flores did not contact me that day for any work issues. Mr. Flores also missed class on March 18, 2014, and advised this officer his car was stolen, but he did not contact his counselor about missing class. Mr. Flores then contacted the probation office on March 20, 2014, advising that he had been called to work from 2:30 p.m. to 8:00 p.m. so he would miss his treatment class. Mr. Flores had previously advised he would be working evenings so he could attend his classes as scheduled.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  03/21/2014

s/SanJuanita B. Coronado

SanJuanita B. Coronado
U.S. Probation Officer

Prob12C
**Re: Flores, Javier Guadalupe**
**March 18, 2014**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*Fred Van Sickle* (signature)

Signature of Judicial Officer

March 24, 2014

Date

Prob12C